UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

THOMAS E. CALE                    )
                                  )
          Petitioner,             )
                                  )
v.                                )          3:06-cv-218
                                  )          3:04-cr-131
                                  )          *Jordan*
                                  )
UNITED STATES OF AMERICA          )
                                  )
          Respondent.             )


## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Thomas E. Cale ("Cale"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.


I. Standard of Review

This court must vacate and set aside Cale's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Cale "must show a 'fundamental defect which inherently results in a complete miscarriage of

justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Cale is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    <u>Factual Background</u>

Cale pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). He was sentenced to a term of imprisonment of 100 months on each conviction, to be served concurrently, for a total effective sentence of 100 months. Cale did not appeal his conviction or sentence. In support of his § 2255 motion to vacate sentence, Cale alleges he receive ineffective assistance of counsel based upon his attorney's failure to appeal his sentence.

III.    Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Cale must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Cale bears the

3

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In his written stipulation of facts in support of his guilty plea, Cale agreed that for sentencing purposes he would "be held accountable for between fifteen and fifty kilograms of cocaine hydrochloride over the course of the conspiracy." [Criminal Action No. 3:04-cr-131, Court File No. 61, Stipulation of Facts, p. 2]. Based upon that amount of drugs, Cale's base offense level on the drug conviction was 34. U.S.S.G. § 2D1.1(c)(3).

Cale then received a two-level reduction because he met the provisions of the "safety valve," *id.* § 2D1.1(b)(7) (2004), and he received a two-level increase based upon his conviction for money laundering, *id.* § 2S1.1(b)(2)(B). Finally, Cale received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. With a criminal history category of I, Cale's advisory guideline sentence range was thus 108-135 months. [*See* Criminal Action No. 3:04-cr-131, Presentence Report, pp. 10-14, ¶¶ 31-40, 44, and 57].

Pursuant to 21 U.S.C. § 841(b)(1)(A), Cale was subject to a statutory minimum mandatory sentence of ten years. Because he satisfied the requirements of the "safety valve," however, the court was not constrained by the statutory minimum mandatory restriction. The court then sentenced Cale to 100 months, which was below the advisory guideline range.

Cale now claims that his sentence was in error. According to Cale, his base offense level was 34, he received a three-level reduction for acceptance of responsibility and should have received a two-level reduction under the "safety valve," placing him at a total offense

4

level of 29; he does not mention the two-level increase for money laundering. Cale alleges that his attorney erred in not appealing the sentence.

As the court has noted, Cale did in fact receive the two-level reduction under the "safety valve." His sentence, therefore, was not in error.

Cale's retained attorney, Gregory P. Isaacs, has filed an affidavit in this matter, in which he testifies in pertinent part as follows:

> 3. Mr. Cale entered into a Plea Agreement with the United States on the 16th day of February, 2005, after prolonged negotiations with the United States Attorney's Office which resulted in significant concession to Mr. Cale's U.S.S.G. Guideline Range. I specifically discussed every aspect of Mr. Cale's guideline range on numerous occasions with him (and on one occasion with him and his mother) including, but not limited to, his base offense level along with the applicable reductions and enhancements to his base offense level pursuant to the Plea Agreement.
>
> 4. I personally visited Mr. Cale at the Blount County Correctional Facility at his request regarding a potential appeal of his sentence. Mr. Cale had questions regarding certain aspects of his base offense level notwithstanding the fact I had previously met on a variety of different occasions with Mr. Cale prior to be [sic] taken into custody and explained each aspect of his United States Sentencing Guideline and anticipated guideline range level. After I again explained the 2 level increase for money laundering in addition to the reductions he received for safety valve in addition to the acceptance of responsibility, Mr. Cale agreed it would not be in his best interest to appeal his sentence.
>
> 5. I was never instructed by my client to appeal his sentence nor was I contacted at any later time via telephone or via a family member that Mr. Cale wished to pursue an appeal of his sentence.

[Court File No. 6, Affidavit of Gregory P. Isaacs, pp. 1-2].

The Sixth Circuit has held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Cale does not allege that he instructed his attorney to file an appeal. Mr. Isaacs, to the contrary, testifies that he and Cale discussed an appeal and Cale agreed it would not be in his best interest to file an appeal. Based upon the foregoing, Cale has failed to demonstrate he received ineffective assistance of counsel under the standard set forth in *Strickland*. *See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 479-480 (2000).

IV.    Conclusion

Cale is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Cale leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Cale having

6

failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____s/ Leon Jordan_____
United States District Judge